IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2024 JUN -4  P 4: 24

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 2:24cr211-ECM-KFP |
| ) | [18 U.S.C. § 1343; |
| MICHELLE DENISE MCINTYRE ) | 18 U.S.C. § 1957] |
| ) | |
| ) | |
| ) | INDICTMENT |

The Grand Jury charges:

## INTRODUCTION

1. At all times relevant to this indictment, the Small Business Administration (SBA) was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses.

2. In March 2020, the United States Congress enacted the Coronavirus Aid, Relief, and Economic Security (CARES) Act to provide emergency financial assistance to the many Americans suffering the economic effects of the COVID-19 pandemic.

3. The CARES Act established the Paycheck Protection Program (PPP), an emergency financial assistance program which enabled qualifying businesses to apply for a loan to help them make payroll and certain other business expenses. Applicants were required to declare their monthly payroll and how many employees they had, and their loan amount was based on these figures. PPP loans were issued by lending institutions, who were reimbursed by the SBA.

4. The CARES Act also expanded the Economic Injury Disaster Loan (EIDL) program, which was directly administered by the Small Business Administration (SBA). This financial assistance program was designed to help eligible small businesses by giving them working capital to make regular payments for operating expenses such as payroll, rent or mortgage expenses, utilities, or business debt. This could come in the form of a loan or an advance up to $10,000, or both.

$10,000, or both.

5. In December 2020, the United States Congress enacted the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Economic Aid Act). The Economic Aid Act provided that businesses that had applied for EIDL assistance and had received less than $10,000 could apply for a Targeted EIDL advance of $10,000 if they were located in a low-income community as defined by Section 45D(e) of the Internal Revenue Code; had suffered greater than 30 percent economic loss over an 8-week period since March 2, 2020, compared to the year before; and had 300 or fewer employees. The disbursement of such advances was initiated by the SBA Denver Finance Center in Denver, Colorado.

6. In March 2021, the United States Congress enacted the American Rescue Plan Act of 2021 to stimulate the United States economy during the COVID-19 pandemic. It allowed for Supplemental Targeted Advance payments of $5,000 to the hardest hit small businesses. A small business could qualify for such relief if it was located in a low-income community as defined by Section 45D(e) of the Internal Revenue Code; suffered greater than 50 percent economic loss over an 8-week period since March 2, 2020, compared to the year before; and had 10 or fewer employees. The disbursement of such advances was initiated by the SBA Denver Finance Center in Denver, Colorado.

7. The American Rescue Plan Act of 2021 also established the Restaurant Revitalization Fund (RRF), which was directly administered by the SBA. RRF grants were designed to provide eligible restaurants with funding equal to their pandemic-related revenue loss. Such grants were disbursed from the SBA through the Financial Management System, which has its primary server in Sterling, Virginia.

8. At all times relevant to this Indictment, a U.S. Individual Tax Return, IRS Form 1040 ("Form 1040") or Form 1040A, was used by U.S. taxpayers to file an annual income tax

return. U.S. taxpayers were required to report all taxable income to the Internal Revenue Service.

9. At all times relevant to this Indictment, a Schedule C, Profit or Loss from Business (Sole Proprietorship) ("Schedule C"), was used by taxpayers to report income or loss from a sole proprietorship and was attached to the taxpayer's income tax return.

10. At all times relevant to this Indictment, Credit Union 1 was headquartered in Montgomery, Alabama.

11. At all times relevant to this Indictment, Lender 1 was headquartered in California and had no employees in the State of Alabama.

## COUNT 1
### (Wire Fraud)

12. The factual allegations contained in paragraphs 1–3 and 8–11 are realleged and incorporated herein as if copied verbatim.

13. From on or about April 13, 2021, to on or about August 17, 2021, defendant Michelle McIntyre devised and intended to devise a scheme to defraud the Small Business Administration and Lender 1, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

### MANNER AND MEANS

14. It was part of the scheme that:

   a. McIntyre submitted an application for a PPP loan on or about April 13, 2021, to Lender 1. On her application, she claimed that her business had one employee and an average monthly payroll of $8,268.

   b. McIntyre submitted supporting documents that included a false 2019 Schedule C showing gross receipts of $99,210 for her "Counstruction" business. This Schedule C did not match the return information on file with the IRS. She did not have such income in 2019.

   c. Lender 1 issued a promissory note for PPP loan 36659188-07 of $20,660

3

and sent her the corresponding payment to her Credit Union 1 account ending in -1706 on April 21, 2021.

    d.    After receiving McIntyre's loan forgiveness application, the SBA paid Lender 1 for McIntyre's loan amount plus interest on or about September 14, 2021.

## THE CHARGE

15.    On or about April 13, 2021, to on or about August 17, 2021, in Tallassee, Elmore County, Alabama, and elsewhere within the Middle District of Alabama, the defendant,

### MICHELLE DENISE MCINTYRE,

for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce signals and sounds, to wit: an ACH payment of $20,660 from Lender 1 to McIntyre's Credit Union 1 account ending in -1706. All in violation of Title 18, United States Code, Section 1343.

## COUNTS 2–3
(Wire Fraud)

16.    The factual allegations contained in paragraphs 1–2, 4–6, and 8–10 are realleged and incorporated herein as if copied verbatim.

17.    From on or about June 24, 2020, to on or about June 29, 2021, defendant Michelle McIntyre devised and intended to devise a scheme to defraud the Small Business Administration, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

### MANNER AND MEANS

18.    It was part of the scheme that:

    a.    McIntyre submitted to the SBA an application for an EIDL loan on or about June 24, 2020. On her application, she claimed that she had a business called "Chelle's Hair" with 10 employees, gross revenues of $47,254 for the 12 months before the COVID pandemic, cost of

goods sold of $14,789 for the 12 months before the COVID pandemic, and $7,500 in rental losses due to the COVID pandemic. She did not have such revenues, expenses, or losses.

  b. On or about June 7, 2021, McIntyre updated her EIDL application to seek a Targeted EIDL Advance and Supplemental Targeted Advance. She signed an IRS Form 4506-T, permitting the SBA to obtain her 2019 tax transcript from the IRS.

  c. On or about June 18, 2021, an SBA associate noted that the business was a sole proprietorship, confirmed that her address was in a low-income area, and approved and disbursed a Targeted EIDL advance of $10,000 and a Supplemental Targeted Advance of $5,000 to her account at Credit Union 1 ending in -1706.

## THE CHARGES

19. On or about June 24, 2020, to on or about June 29, 2021, in Montgomery, Montgomery County, Alabama, and elsewhere within the Middle District of Alabama, the defendant,

## MICHELLE DENISE MCINTYRE,

for the purpose of executing the scheme described above, caused to be transmitted by means of wire the following communication in interstate commerce signals and sounds, to wit:

| Count | On or About Date | Description of Wire Communication |
|---|---|---|
| 2 | June 28, 2021 | ACH payment from SBAD Treas 310 to McIntyre's Credit Union 1 account ending in -1706 for $5,000 |
| 3 | June 29, 2021 | ACH payment from SBAD Treas 310 to McIntyre's Credit Union 1 account ending in -1706 for $10,000 |

All in violation of Title 18, United States Code, Section 1343.

## COUNT 4
(Wire Fraud)

20. The factual allegations contained in paragraphs 1 and 7–10 are realleged and

incorporated herein as if copied verbatim.

21. From on or about May 6, 2021, to on or about June 1, 2021, defendant Michelle McIntyre devised and intended to devise a scheme to defraud the Small Business Administration, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

## MANNER AND MEANS

22. It was part of the scheme that:

   a. McIntyre submitted to the SBA an application for an RRF grant on or about May 8, 2021. On her application, she claimed that she began operating a catering business on December 16, 2019, and that she had $12,678.23 in gross receipts reported on her 2019 Income Tax return. She certified that all information in her application as well as any supporting documents was true and accurate in all material respects. She further certified that she would use all funds on eligible expenses.

   b. McIntyre submitted supporting documents for her application, including a false 2019 Schedule C showing gross receipts of $13,178 and five receipts for catering in December 2019 for N.S., S.S., W.N., B.J., and B.F. in amounts that totaled $13,178.25. She had not, in fact, provided catering services or received payments as described in those receipts.

   c. The SBA awarded McIntyre RRF grant 31289553 and sent her $131,478.76 by ACH transfer to her Credit Union 1 account ending in -1706 on June 1, 2021.

   d. Rather than use the funds for eligible expenses, McIntyre used the funds to obtain two cashiers' checks in the amounts of $42,000 and $44,000, which she then used to purchase two vehicles, all on or about June 19, 2021.

## THE CHARGE

23. On or about May 6, 2021, to on or about June 1, 2021, in Montgomery,

Montgomery County, Alabama, in the Middle District of Alabama, and elsewhere, the defendant,

MICHELLE DENISE MCINTYRE,

for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce signals and sounds, to wit: an ACH payment of $131,478.76 from the Small Business Administration to McIntyre's Credit Union 1 account ending in -1706. All in violation of Title 18, United States Code, Section 1343.

## COUNT 5
(Money Laundering)

24. On or about June 19, 2021, in Montgomery, Alabama, within the Middle District of Alabama, the defendant,

MICHELLE DENISE MCINTYRE,

knowingly engaged and attempted to engage in a monetary transaction by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is, the withdrawal from Credit Union 1 of $42,000 of the proceeds from the crime described in Count 4 for the purpose of purchasing a 2017 Chevrolet Tahoe, such property having been derived from a specified unlawful activity, that is, wire fraud as alleged in Count 4. In violation of Title 18, United States Code, Section 1957.

## COUNT 6
(Money Laundering)

25. On or about June 19, 2021, in Montgomery, Alabama, within the Middle District of Alabama, the defendant,

MICHELLE DENISE MCINTYRE,

knowingly engaged and attempted to engage in a monetary transaction by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is, the withdrawal from Credit Union 1 of $44,000 of the proceeds from

the crime described in Count 4 for the purpose of purchasing a 2018 GMC Yukon, such property having been derived from a specified unlawful activity, that is, wire fraud as alleged in Count 4. In violation of Title 18, United States Code, Section 1957.

## COUNT 7
### (Wire Fraud)

26. The factual allegations contained in paragraphs 1–3 and 8–11 are realleged and incorporated herein as if copied verbatim.

27. From on or about April 14, 2021, to on or about September 14, 2021, defendant Michelle McIntyre devised and intended to devise a scheme to defraud Lender 1 and the Small Business Administration, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

### MANNER AND MEANS

28. It was part of the scheme that:

   a. McIntyre advertised her pandemic relief application services on social media and rented office space in Montgomery, Alabama. She routinely charged $200 per application, then required successful applicants to pay her an additional fee, up to half of the money they received.

   b. McIntyre submitted an application to Lender 1 for a PPP loan for J.P. on or about April 14, 2021. On the application, McIntyre claimed that J.P. began operating a business on March 23, 2019, and that she had an average monthly payroll of $8,333. J.P. never told McIntyre that she had such a business or such payroll.

   c. McIntyre also submitted a Schedule C falsely representing that J.P. had $115,200 in gross income for her "Home Healthcare Agency." J.P. never told McIntyre that she had such income.

   d. Lender 1 awarded J.P. PPP loan 4682908800 and sent her $20,800 by ACH

8

transfer on or about April 20, 2021.

 e. McIntyre knew that all the funds were not used for eligible expenses because she required J.P. to pay her a cash fee from the funds. The SBA later forgave PPP loan 4682908800 on or about September 14, 2021.

## THE CHARGE

29. On or about April 14, 2021, in Montgomery and Tallassee, Alabama, in the Middle District of Alabama, and elsewhere, the defendant,

## MICHELLE DENISE MCINTYRE,

for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce signals and sounds, to wit: PPP loan application 4682908800 on behalf of J.P. All in violation of Title 18, United States Code, Section 1343.

## COUNTS 8–13
### (Wire Fraud)

30. The factual allegations contained in paragraphs 1–2, 4–6, and 8–10 are realleged and incorporated herein as if copied verbatim.

31. From on or about July 1, 2021, until on or about September 30, 2021, defendant Michelle McIntyre devised and intended to devise a scheme to defraud the Small Business Administration, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

## MANNER AND MEANS

32. It was part of the scheme that:

 a. McIntyre advertised her pandemic relief application services on social media and rented office space in Montgomery, Alabama. She routinely charged $200 per application, then required successful applicants to pay her an additional fee, up to half of the money they received.

b. McIntyre knew when she filed EIDL loan applications on behalf of others that the representations about businesses on applications she filed were false.

c. Even if the SBA declined the initial EIDL loan applications, McIntyre sought Targeted EIDL Advance and Supplemental Targeted EIDL Advance funding based in part on the information contained in the initial false applications.

d. The misrepresentations caused the SBA to disburse funds to the applicants.

## THE CHARGE

33. On or about the dates below, in Montgomery, Montgomery County, within the Middle District of Alabama, and elsewhere, the defendant,

MICHELLE DENISE MCINTYRE,

for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce signals and sounds, as described in the chart below.

| Count | On or About Date | Description |
| --- | --- | --- |
| 8 | July 13, 2021 | Initial EIDL application number 3322452694 for J.P. falsely alleging that J.P. had a health services business in 2019, ultimately causing the SBA to disburse a Targeted EIDL advance of $10,000 and a Supplemental Targeted Advance of $5,000 to J.P. in September 2021 |
| 9 | July 6, 2021 | Targeted EIDL Advance and Supplemental Targeted Advance application number 3311769208 for P.S. falsely alleging that P.S. had a personal services business with 10 employees, ultimately causing the SBA to disburse a Targeted EIDL advance of $10,000 and a Supplemental Targeted EIDL Advance of $5,000 to P.S. in August 2021 |
| 10 | July 13, 2021 | Initial EIDL application number 3322452043 for D.C. falsely alleging that D.C. had a business relating to "eating and drinking places" and "catering," ultimately causing the SBA to disburse a Targeted EIDL advance of $10,000 and a Supplemental Targeted EIDL advance of $5,000 to D.C. in September 2021 |
| 11 | July 13, 2021 | Initial EIDL application number 3322452233 for R.J. falsely alleging that R.J. had a "Construction & Contractors" business relating to "flooring," ultimately causing the SBA to disburse a Targeted EIDL advance of $10,000 and a Supplemental Targeted EIDL advance of $5,000 to R.J. in September 2021 |
| 12 | July 21, 2021 | Initial EIDL application number 3322690137 for E.G. falsely alleging |

|    |               |                                                                                                                                                                                                                                                                                                                                 |
|----|---------------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|    |               | that E.G. had a miscellaneous services business with 6 employees, ultimately causing the SBA to disburse a Targeted EIDL advance of $10,000 and a Supplemental Targeted EIDL advance of $5,000 to E.G. in September 2021                                                                                                      |
| 13 | July 21, 2021 | Initial EIDL application number 3322678226 for J.C. falsely alleging that J.C. had a personal services business with 3 employees, ultimately causing the SBA to disburse a Targeted EIDL advance of $10,000 and a Supplemental Targeted EIDL advance of $5,000 to J.C. in September 2021                                      |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION-1

A.   The allegations contained in Counts 1-4, 7, and 8-13 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

B.   Upon conviction of the offenses in violation of Title 18, United States Code, Section 1343, set forth in Counts 1-4, 7, and 8-13 of this Indictment, the defendant,

## MICHELLE DENISE MCINTYRE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, from the offenses in violation of Title 18, United States Code, Section 1343 including, but not limited to, a forfeiture money judgment; a 2017 Chevrolet Tahoe, SUV, bearing manufacturer's vehicle identification number (VIN) 1GNSCBKC4HR136049, with all appurtenances and attachments thereon; and a 2018 GMC Yukon, SUV, bearing manufacturer's vehicle identification number (VIN) 1GKS2BKC3JR112184, with all appurtenances and attachments thereon.

C.   If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

        (1)   cannot be located upon the exercise of due diligence;

11

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

## FORFEITURE ALLEGATION-2

A. The allegations contained in Counts 5 and 6 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1).

B. Upon conviction of the offenses in violation of Title 18, United States Code, Section 1957, set forth in Counts 5 and 6 of this Indictment, the defendant,

MICHELLE DENISE MCINTYRE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to a 2017 Chevrolet Tahoe, SUV, bearing manufacturer's vehicle identification number (VIN) 1GNSCBKC4HR136049, with all appurtenances and attachments thereon, and a 2018 GMC Yukon, SUV, bearing manufacturer's vehicle identification number (VIN) 1GKS2BKC3JR112184, with all appurtenances and attachments thereon.

C. If any of the property described in this forfeiture allegation, as a result of any act

or omission of the defendant:

    (1)    cannot be located upon the exercise of due diligence;

    (2)    has been transferred or sold to, or deposited with, a third party;

    (3)    has been placed beyond the jurisdiction of the court;

    (4)    has been substantially diminished in value; or

    (5)    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 982(a)(1).

TRUE BILL:

*[signature]*
Foreperson

*[signature]*
JONATHAN S. ROSS
UNITED STATES ATTORNEY

*[signature]*
Megan A. Kirkpatrick
Assistant United States Attorney

*[signature]*
Audrey L. Willis
Assistant United States Attorney

13