IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                       ) | CR. NO. 2:24-CR-00211-ECM-KFP |
| ) | |
| MICHELLE DENISE MCINTYRE ) | |

## PLEA AGREEMENT

### I. BACKGROUND INFORMATION

**A. Attorneys**

Defense Attorney:   Christine Freeman

Assistant United States Attorney:   Megan A. Kirkpatrick

**B. Counts and Statutes Charged**

Counts 1–4, 7–13:   18 U.S.C. § 1343 – wire fraud

Counts 5–6:   18 U.S.C. § 1957 – money laundering

**C. Counts Pleading Pursuant to Plea Agreement**

Count 4:   18 U.S.C. § 1343

Count 6:   18 U.S.C. § 1957

**D. Statutory Penalties**

Count 4:   18 U.S.C. § 1343

    A term of imprisonment of not more than 20 years; a fine of not more than $250,000, or twice the value of the property involved in the transaction, whichever is greater, or both the fine and imprisonment; a term of supervised release of not more than 3 years; an assessment fee of $100; and an order of restitution.

Count 6:   18 U.S.C. § 1957

    A term of imprisonment of not more than 10 years; a fine of not more than $250,000, or twice the value of the property involved in the transaction, whichever is greater, or both the fine

Defendant's Initials: MM

and imprisonment; a term of supervised release of not more than 3 years; an assessment fee of $100; and an order of restitution.

**E.     Elements of the Offenses**

| | |
|---|---|
| Count 4: | 18 U.S.C. § 1343: |
| First: | The defendant knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses; |
| Second: | The false pretenses, representations, or promises were about a material fact; |
| Third: | The defendant acted with the intent to defraud; and |
| Fourth: | The defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud. |
| Count 6: | 18 U.S.C. § 1957: |
| First: | The defendant knowingly engaged in or attempted to engage in a monetary transaction; |
| Second: | The defendant knew the transaction involved property or funds that were the proceeds of some criminal activity; |
| Third: | The property had a value of more than $10,000; |
| Fourth: | The property was in fact proceeds of the specified unlawful activity alleged in the indictment; and |
| Fifth: | The transaction took place in the United States. |

## II. INTRODUCTION

Megan A. Kirkpatrick, Assistant United States Attorney, and Christine Freeman, attorney for the defendant, Michelle Denise McIntyre, pursuant to Rule 11(c)(1)(A) and Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, with the authorization of the defendant, submit this plea agreement. The terms are as follows.

## III. THE GOVERNMENT'S PROVISIONS

1.     Pursuant to Rule 11(c)(1)(B), the government agrees to recommend a sentence within the advisory Guidelines range, as calculated by the Court at the sentencing hearing.

2.     Pursuant to Rule 11(c)(1)(B), the government agrees to recommend that, for the purposes of calculating the defendant's advisory Guidelines range, the defendant receive a two-level reduction in offense level for acceptance of responsibility. The government shall be released

Defendant's Initials: MM

from this obligation if, between the time the defendant enters a guilty plea and the time the Court announces the sentence, the defendant engages in conduct inconsistent with the defendant's acceptance of responsibility. Conduct inconsistent with acceptance of responsibility would include, but not be limited to: (1) falsely denying or minimizing the defendant's involvement in the offense conduct; (2) committing a new criminal offense, whether federal, state, or local, and whether charged or uncharged; (3) if the defendant is released on bond, engaging in conduct violative of the terms and conditions of the defendant's bond; and (4) failing to comply with any of the defendant's obligations set forth in this agreement. Moreover, the defendant may be deemed to have engaged in conduct inconsistent with acceptance of responsibility if, during or before the sentencing hearing, the defendant or the defendant's attorney makes factual assertions or legal arguments inconsistent with the defendant's having pleaded guilty to the charged offense.

3. The government acknowledges that the defendant assisted authorities in the investigation and prosecution of the defendant's own misconduct by timely notifying the government of the defendant's intention to enter a guilty plea, thereby permitting the government to avoid preparing for trial and allowing the government and the Court to allocate resources efficiently. If the defendant is eligible for a two-level reduction under U.S.S.G. § 3E1.1(a), as described above, and otherwise qualifies, then the government will seek a one-level reduction pursuant to U.S.S.G. § 3E1.1(b). Should the defendant engage in conduct that releases the government from its obligation to recommend a two-level reduction, *see* U.S.S.G. § 3E1.1(a), then the government will have no obligation to seek an additional one-level reduction, *see* U.S.S.G. § 3E1.1(b).

4. The government reserves the ability to argue for or against the application of any specific offense characteristic or Chapter 3 adjustment. Additionally, the government will provide

Defendant's Initials

to the United States Probation Office (Probation) all relevant information about the offense, all relevant conduct, and the defendant's criminal history. This agreement does not obligate the government to make any recommendation regarding the defendant's criminal history score or resulting criminal history category.

5. Pursuant to Rule 11(c)(1)(A), the government agrees that it will, at the sentencing hearing, move to dismiss counts 1–3, 5, and 7–13.

6. Pursuant to Rule 11(c)(1)(A), the government agrees that it will not bring or pursue any additional charges against the defendant for the conduct described in the Indictment, or for conduct determined by the Court at the sentencing hearing to be relevant conduct to the offenses to which the defendant is pleading guilty.

7. The government agrees that, at the sentencing hearing, it will take no position as to the imposition of a fine.

## IV. THE DEFENDANT'S PROVISIONS

**A.  Plea and Sentencing**

8. The defendant agrees to plead guilty to counts 4 and 6 and to make factual admissions of guilt in open court.

9. The defendant reserves the right to request a downward variance, that is, a sentence below the bottom, that is, the lowest number, of the advisory Guidelines range.

10. The defendant acknowledges that the defendant will not be allowed to withdraw the guilty plea in the event that the Court does not accept any or all of the recommendations made pursuant to Rule 11(c)(1)(B).

Defendant's Initials: UMM

11. The defendant understands that the defendant will be provided an opportunity to withdraw the guilty plea in the event that the Court does not accept any or all of the provisions set forth pursuant to Rule 11(c)(1)(A).

12. The defendant agrees not to commit any other federal, state, or local offense while awaiting sentencing, regardless of whether that offense is charged or chargeable.

13. The defendant agrees to provide truthful information to Probation and to the Court in all presentence and sentencing proceedings.

**B.   Fines and Restitution**

14. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of the Court. The defendant acknowledges that the full fine and restitution amounts shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of Probation at any time, the defendant agrees that the United States Bureau of Prisons and Probation will have the authority to establish payment schedules to ensure payment of the fine and restitution.

15. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off from federal payments, execution on non-exempt property, and any other means the government deems appropriate.

16. The defendant agrees that, after the Court enters a final judgment, the defendant may be contacted by government officials regarding the collection of any financial obligation imposed by the Court without notifying the defendant's attorney and outside the presence of the defendant's attorney.

17. To facilitate the collection of financial obligations imposed in this case, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which

Defendant's Initials: MM

the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party.

18. The defendant will, if requested by the government, promptly submit a completed financial statement to the Office of the United States Attorney for the Middle District of Alabama in a form the government provides and as the government directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

19. The defendant expressly authorizes the government to obtain a report on the defendant's credit in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

20. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by this agreement or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

21. The defendant agrees to pay the $100 assessment fee per count of conviction.

**C.  Freedom of Information Act Waiver**

22. The defendant agrees to and does hereby waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, but not limited to, any records that may be sought under the Freedom of Information Act, *see* 5 U.S.C. § 552, or the Privacy Act of 1974, *see* 5 U.S.C. § 552a.

**D.  Forfeiture of Assets**

23. The defendant agrees and consents to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to

18 U.S.C. § 982(a)(1) and (2), whether in the possession of the government, the defendant, or defendant's nominees. The assets to be forfeited specifically include but are not limited to a 2018 GMC Yukon, SUV, bearing manufacturer's vehicle identification number (VIN) 1GKS2BKC3JR112184, with all appurtenances and attachments thereon and a Forfeiture Money Judgment in the amount of $277,939.52.

24. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal or civil judicial or administrative forfeiture action. As a result, the defendant hereby withdraws any claim the defendant may have filed in any administrative forfeiture action and agrees to the declaration of forfeiture. The defendant also agrees to and does hereby waive all constitutional, statutory, and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at the sentencing hearing, or incorporated into the judgment.

25. The defendant admits and agrees that the conduct described in the factual basis section below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government, including the requisite nexus and the crimes to which the defendant is pleading guilty. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant agrees to the immediate entry of any orders concerning forfeiture, including the preliminary order of forfeiture, which will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

Defendant's Initials: [initials]

26. The defendant agrees to, within 30 days of the entry of the judgment, take all steps necessary to assist the government in obtaining clear title to forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, and to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant.

27. The defendant agrees that the government is not limited to forfeiture of the property specifically identified for forfeiture in this plea agreement. If the government determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the government shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The defendant expressly consents to the forfeiture of substitute assets as authorized herein and understands that the forfeiture of substitute assets shall not be deemed an alteration of the defendant's sentence.

28. The defendant agrees to the following additional conditions: (1) to notify the United States Attorney's Office within 30 days of any change of address until the forfeiture judgment debt is paid in full; and (2) to be included in the Treasury Offset Program, allowing qualified federal

Defendant's Initials: NMM

benefits to be applied to offset the balance of criminal monetary penalties in accordance with 26 U.S.C. § 6402(d) and 31 U.S.C. § 3720A.

29. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

30. The defendant agrees that, in the event the Court determines that the defendant has breached this section of the plea agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, if applicable, and may be eligible for an obstruction of justice enhancement.

## V. FACTUAL BASIS

31. The defendant admits the allegations charged in the Indictment and understands that the nature of the charges to which the plea is offered involves proof as to counts 4 and 6. Specifically, the defendant admits the following to be true and correct:

Count 4: 18 U.S.C. § 1343 – wire fraud

a. On or about May 8, 2021, McIntyre electronically submitted to the Small Business Administration an application for a Restaurant Revitalization Fund grant.

b. On her application, she falsely claimed that she began operating a catering business on December 16, 2019, and she reported $12,678.23 in gross receipts. She certified that she would use funds on eligible expenses.

c. Along with her application, she submitted a false Schedule C reporting gross receipts of $13,178.00 and false receipts totaling $13,178.25.

Defendant's Initials: [initials]

    d. McIntyre's false representations on her application and supporting documents caused the SBA to award her grant 31289553 and send $131,478.76 by ACH transfer.

    e. The ACH transfer went from the SBA's primary server in Sterling, Virginia, to McIntyre's credit union account in Alabama.

    f. McIntyre did not use the funds for eligible expenses.

Count 6: 18 U.S.C. § 1957 – money laundering

    g. On or about June 19, 2021, McIntyre withdrew $44,000.00 from her credit union account in Montgomery, Alabama.

    h. The credit union was a financial institution.

    i. The $44,000.00 was derived from the wire fraud described in paragraphs a through f above.

    j. McIntyre used the $44,000.00 to purchase a 2018 GMC Yukon.

    32. The defendant agrees that, based on the foregoing admitted facts, the Court may determine that there is a factual basis for the plea to be entered. Furthermore, the defendant acknowledges that the Court may use any of the above-stated facts for the purpose of determining the defendant's sentence.

## VI. THE DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

    33. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the conviction, sentence, or order of forfeiture. The defendant further expressly waives the right to attack the conviction or sentence in any post-conviction proceeding, including proceedings pursuant to 28 U.S.C. § 2255. Exempt from this waiver is the

Defendant's Initials: WM

right to appeal or collaterally attack the conviction or sentence on the grounds of ineffective assistance of counsel or prosecutorial misconduct.

34. In return for the above waiver by the defendant, the government does not waive its right to appeal any matter related to this case, as set forth at 18 U.S.C. § 3742(b). However, if the government decides to exercise its right to appeal, the defendant is released from the appeal waiver and may pursue any appeal pursuant to 18 U.S.C. § 3742(a).

## VII. BREACH OF THE PLEA AGREEMENT

35. The parties agree that the issue of whether either party has breached this agreement at any time is one that will be resolved by the Court by a preponderance of the evidence, except for breaches based on new criminal conduct, as discussed below.

36. The parties agree that, should either party obtain information causing the party to develop a good faith belief that the other party has breached this agreement, then the party will promptly file a written motion—or make an oral motion if doing so would be more expedient—asking that the Court declare the other party to be in breach of the plea agreement.

37. Should the Court find the defendant to have breached this agreement: (1) the government will be free from its obligations under this agreement; (2) the defendant will not be permitted to withdraw the guilty plea; (3) the defendant's obligations and waivers under this agreement will remain in full force and effect; (4) the defendant could be subject to prosecution for other crimes; and (5) the government will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements by the defendant and any information or materials provided by the defendant, including statements made during the plea hearing and all statements made by the defendant pursuant to proffer letters.

Defendant's Initials: /s/

38. The parties agree that, in the event that the defendant breaches this agreement by committing new criminal conduct, the government will be required to only establish probable cause to believe that the defendant committed a new criminal offense for the Court to find the defendant in breach of the plea agreement.

39. The parties agree that, should the Court find the government in breach of this plea agreement, the defendant may cancel this agreement and thus be released from the appellate and collateral attack waivers. The parties further agree that a breach of the plea agreement by the government will not automatically entitle the defendant to withdraw the guilty plea and, if the defendant should seek to withdraw the guilty plea on the basis of such a breach, then the defendant will be required to file a motion pursuant to Rule 11(d), which the government could oppose.

### VIII. THE DEFENDANT'S ACKNOWLEDGEMENTS

40. The defendant acknowledges that the Court is neither a party to nor bound by this agreement. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the Court will determine the advisory Guidelines range and the sentence. The defendant acknowledges that the defendant and the defendant's attorney have discussed the advisory Guidelines and the statutory sentencing factors set forth at 18 U.S.C. § 3553(a) and the defendant understands how those provisions may apply in this case. The defendant further understands that the defendant will have no right to withdraw a guilty plea on the basis that the Court calculates an advisory Guidelines range that differs from the range projected by the defense attorney, the government, or Probation.

41. The defendant understands that: (1) in pleading guilty, the defendant may be required to make statements under oath; and (2) the government has a right to use against the defendant, in a prosecution for perjury or for making a false statement, any statement that the

Defendant's Initials: _JMM_

defendant makes. However, as the defendant understands, the government may not use as evidence against the defendant in any future proceeding involving the charges alleged in any charging document in this case or related offenses, the defendant's guilty plea if the Court permits the defendant to withdraw that guilty plea.

42. The defendant understands that if the defendant pleads guilty pursuant to this agreement and the Court accepts that guilty plea, the defendant will waive certain rights, namely: (1) the right to plead not guilty or to persist in a plea of not guilty; (2) the right to a jury trial; (3) the right to be represented by counsel—and if necessary to have the Court appoint counsel—at trial and at every other stage of the proceeding; and (4) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

43. The defendant understands: (1) the nature of each charge to which the defendant is pleading guilty; (2) the maximum and minimum possible penalties associated with each charge to which the defendant is pleading guilty, including imprisonment, fine, and a term of supervised release; (3) any applicable mandatory minimum penalty associated with a charge to which the defendant is pleading guilty; (4) any applicable forfeiture provision applicable to a charge to which the defendant is pleading guilty; (5) the Court's authority to order restitution; and (6) the Court's obligation to impose a special assessment.

44. The defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including her attorney or the Court, can predict to a certainty the effect of his conviction on his immigration

Defendant's Initials: [initials]

status. The defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is her automatic removal from the United States.

45. The defendant confirms that the entirety of any agreement between the defendant and the government is set forth in this agreement and any addendum to this agreement and that the government has not made any promises to the defendant other than those contained in this agreement and any addendum to this agreement.

46. The defendant confirms that counsel has competently and effectively represented the defendant throughout the proceedings leading to the entry of a guilty plea. The defendant is satisfied with such representation.

47. The defendant acknowledges that the defendant enters this plea agreement and pleads guilty freely and voluntarily. That is, the defendant acts without being influenced by any threats, force, intimidation, or coercion of any kind.

48. The defendant understands that this agreement binds only the Office of the United States Attorney for the Middle District of Alabama and that the agreement does not bind any other component of the United States Department of Justice, nor does it bind any state or local prosecuting authority.

## IX. THE ATTORNEYS' ACKNOWLEDGEMENTS

49. The attorneys for the government and for the defendant acknowledge that this plea agreement contains the entirety of any agreement between the parties and that the parties reached this plea agreement in accordance with the procedure set forth at Rule 11.

50. The attorney for the defendant confirms that the attorney for the defendant advised the defendant of: (1) the nature of the charges to which the defendant is pleading guilty; (2) the

Defendant's Initials: MM

penalties associated with those charges; (3) the rights that the defendant is waiving by pleading guilty; and (4) the possibility that statements made by the defendant under oath during a plea hearing may be used against the defendant in a subsequent prosecution for perjury or for making a false statement.

Respectfully submitted,

KEVIN P. DAVIDSON
ACTING UNITED STATES ATTORNEY

_____    12/10/2024
John J. Geer, III                 Date
Criminal Chief

_____    12/6/2024
Megan A. Kirkpatrick              Date
Assistant United States Attorney

_____    12-6-24
Michelle Denise McIntyre          Date
Defendant

_____    12/6/24
Christine Freeman                 Date
Attorney for the Defendant

Defendant's Initials: MM